THE STATE OF OHIO, APPELLEE, *v.* YOUNG, APPELLANT.

[Cite as *State v. Young* (1992), 64 Ohio St.3d 1209.]

(No. 92–651—Submitted July 8, 1992—Decided August 19, 1992.)

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Dominic Del Balso,* for appellee.

*Mark A. Stanton,* for appellant.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

WRIGHT and H. BROWN, JJ., dissent.

WRIGHT, J., dissenting. I dissent from this court's decision not to accept jurisdiction over this matter. I believe that we should address the appellant's claim that his Fifth Amendment rights were violated by the state's presentation of evidence concerning, and its comment upon, his silence during police questioning.

It is well settled that a prosecutor may not use a defendant's post-arrest, post-*Miranda* silence against him at trial. *Wainwright v. Greenfield* (1986), 474 U.S. 284, 295, 106 S.Ct. 634, 640–641, 88 L.Ed.2d 623, 632 (silence may not be used to prove sanity); *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (silence may not be used to impeach defendant's testimony); *State v. Rogers* (1987), 32 Ohio St.3d 70, 512 N.E.2d 581 (applying *Wainwright*). The United States Supreme Court in *Doyle v. Ohio* stated:

"Despite the importance of cross-examination, we have concluded that the *Miranda* decision compels rejection of the State's position. The warnings mandated by that case, as a prophylactic means of safeguarding Fifth Amendment rights, see *Michigan v. Tucker,* 417 U.S. 433, 443–444 [94 S.Ct. 2357, 2363–2364, 41 L.Ed.2d 182, 192–193] (1974), require that a person taken into custody be advised immediately that he has a right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation. Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights. Thus, every post-arrest silence is insolubly ambiguous

because of what the State is required to advise the person arrested. See *United States v. Hale* [ (1975) ], *supra*, 422 U.S. [171], at 177 [95 S.Ct. 2133, at 2137, 45 L.Ed.2d 99, at 105]. Moreover, while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Doyle v. Ohio, supra,* 426 U.S. at 617–618, 96 S.Ct. at 2244–2245, 49 L.Ed.2d at 97–98.

The court in *Doyle* further held that the use of post-*Miranda* silence for impeachment purposes violated the Due Process Clause of the Fourteenth Amendment. *Doyle, supra,* at 619, 96 S.Ct. at 2245, 49 L.Ed.2d at 98. Furthermore, this court has stated, "it is prejudicial error for the prosecutor in his final argument to the jury, to comment upon that silence or any implications which may be drawn therefrom." *State v. Stephens* (1970), 24 Ohio St.2d 76, 53 O.O.2d 182, 263 N.E.2d 773, paragraph three of the syllabus.

In this case, improper reference to defendant's silence occurred twice, as a part of the state's case-in-chief and in the state's closing argument. A majority of the court of appeals, relying on *State v. Motley* (1985), 21 Ohio App.3d 240, 21 OBR 256, 486 N.E.2d 1259, and implicitly on *Hayton v. Egeler* (C.A.6, 1977), 555 F.2d 599, in effect determined that the comments at trial were harmless beyond a reasonable doubt because the defense counsel's objections were sustained, and a curative instruction was given. However, the court of appeals' reliance on these cases is misplaced.

We have not required a showing of prejudice in this context. *State v. Rogers, supra.* Improper testimony or comment on post-*Miranda* silence is only subjected to plain or harmless error analysis *when the defense counsel did not object to the prosecution's actions at trial. Id.,* 32 Ohio St.3d at 73, 512 N.E.2d at 584. See, also, *State v. Motley, supra,* 21 Ohio App.3d at 241–242, 21 OBR at 258, 486 N.E.2d at 1261. Since the defense counsel objected to the improper comments on the post-*Miranda* silence, the use of harmless-error analysis was improper in this instance.

" * * * It is fundamentally unfair to promise an arrested person that his silence will not be used against him and thereafter to breach that promise by using the silence to impeach his trial testimony." *Wainwright v. Greenfield, supra,* 474 U.S. at 292, 106 S.Ct. at 639, 88 L.Ed.2d at 631. Because I believe we are guided by the United States Supreme Court's holdings in *Doyle* and

*Wainwright, supra,* I must dissent from this court's refusal to address an obvious miscarriage of justice.

H. BROWN, J., concurs in the foregoing dissenting opinion.